# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CARLA M VALLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-CV-98 NAB |
| | ) |
| ANDREW M. SAUL[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Carla M. Valle's appeal regarding the denial of disability insurance benefits and supplemental security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 7.] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

### Issues for Review

Valle presents two issues for review. Valle contends that the administrative law judge's opinion failed to properly consider opinion evidence and contains multiple inaccuracies, which

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul became the Commissioner of Social Security on June 4, 2019. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.

should serve as a basis for remand. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).

The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003). "In this substantial-evidence determination, the entire

administrative record is considered but the evidence is not reweighed." *Byes v. Astrue*, 687 F.3d. 913, 915 (8th Cir. 2012).

## Discussion

In her Disability Report, Valle alleged that her impairments of irritable bowel syndrome, depression, and diabetes with neuropathy in the right arm and leg limit her ability to work. (Tr. 348.) The SSA initially denied her claim. She requested a hearing with an ALJ and he ultimately found that she was not disabled. (Tr. 110-29.) She requested review from the Appeals Council, which granted her request for review. The Appeals Council remanded her case to the ALJ for re-consideration of her carpal tunnel syndrome diagnosis and obesity, re-evaluation for the weight given to the medical opinions, specific explanation of support for RFC, and testimony of a vocational expert. (Tr. 130-34.)

After a second administrative hearing, the ALJ again found that Valle was not disabled. (Tr. 10-25.) Specifically, the ALJ found that Valle had the severe impairments of degenerative disc disease, diabetes mellitus with peripheral neuropathy, carpal tunnel syndrome, and obesity. (Tr. 13.) He also found that she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14.) He opined that she had the RFC to perform a limited range of light work with the additional limitations of (1) need to change position for two minutes every hour, (2) no climbing of ladders, ropes, or scaffolds, (3) occasionally balance, kneel, crouch, crawl, stoop, and climb ramps, and stairs; (3) no prolonged exposure to extreme cold, and (5) frequently handle, finger, and feel. (Tr. 15.) Ultimately, the ALJ found that Valle was not disabled as she could perform her past relevant work and there were other jobs in the national economy that she could perform. (Tr. 23-25.) The Appeals Council denied a request for review. (Tr. 1-6.)

**Medical Opinion Evidence**

In his opinion, the ALJ gave no weight to the medical opinions of Valle's treating physicians Dr. Dan Frissell and Dr. Nawras Makhsida. Valle only asserts that the ALJ should have given controlling weight to Dr. Frissell's opinion. Therefore, the Court will not address Dr. Makhsida's opinion.

Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and what the claimant can still do despite her impairments and her physical or mental restrictions. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)[2]. All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c).

Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record" as a whole. *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Hacker*, 459 F.3d at 937. "Whether

---

[2] Many Social Security regulations were amended effective March 27, 2017. Per 20 C.F.R. § 404.1527, the court will use the regulations in effect at the time that this claim was filed.

the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).

"Good reasons for assigning lesser weight to the opinion of a treating source exist where the treating physician's opinions are themselves inconsistent, or where other medical assessments are supported by better or more thorough evidence." *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017) (internal citations omitted). The court reviews "the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but [it is not required for] an ALJ to mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011).

Dr. Frissell, a primary care physician, treated Valle between 2008 and 2015. (Tr. 813-816, 1136, 1229, 1477-81, 1847-2361.) Dr. Frissell treated Valle for a variety of ailments including diabetes, obesity, gastroesophageal reflux disease, hyperlipidemia, and irritable bowel syndrome.

Dr. Frissell produced several statements regarding Valle's ability to work. First, Dr. Frissell completed a Diabetes Mellitus Medical Source Statement on November 3, 2010. (Tr. 813-16.) Dr. Frissell noted Valle's diagnoses of diabetes mellitus type 2, peripheral neuropathy, and irritable bowel syndrome. (Tr. 813.) At that time, Dr. Frissell opined that Valle could walk one block without rest or severe pain, sit and stand two hours at a time, but sit and stand less than two hours in an 8 hour work day. (Tr. 814.) He also opined that she needed to shift positions at will, from sitting, standing, or walking and periods of walking around during the 8 hour work day. (Tr. 814.) Dr. Frissell estimated that Valle would need to walk every twenty minutes for ten minutes at a time. (Tr. 814.) He also estimated that she would need to take unscheduled breaks every two hours for 20 to 30 minutes before returning to work. (Tr. 814.) He opined that she would need to

elevate her legs several inches for part of the time. (Tr. 814.) He also opined that Valle could occasionally lift less than 10 pounds; occasionally twist, stoop, bend, crouch, squat; and never climb ladders or stairs. (Tr. 815.) He opined that she should avoid all exposure to extreme cold, heat, high humidity, wetness, smoldering fluxes, solvents/cleaners, fumes, odors, gases, dust, chemicals, and other irritants. (Tr. 815.) He estimated that she would be off task 25% or more during the day and was capable of low stress work because she has anxiety issues. (Tr. 816.) He estimated that she would be absent from work about three days per month as a result of her impairments. (Tr. 816.) Dr. Frissell noted that Valle has blurry vision when her blood sugar is high. (Tr. 816.)

Dr. Frissell then completed a physician's certification as part of Valle's application to discharge her federal student loans. (Tr. 2283-2285.) On this certification, Dr. Frissell indicated that Valle had a medically determinable physical or mental impairment that prevents her from engaging in any substantial gainful activity in any field of work for a continuous period of 60 months or expected to last for a continuous period no less than 50 months. (Tr. 2285.) He noted her diagnoses of diabetes mellitus, herniated disc in the back, neuropathy, and inflammatory bowel disease. (Tr. 2285.) On August 5, 2014, Dr. Frissell wrote a general note stating, "Carla Valle has many physical and medical conditions that keep her from holding a job, such as Herniated Discs, Diabetes, Neuropathy, Deep Vein and Varicose Vein problems as well as Irritable Bowel Syndrome. These are her medical problems and why she claims disability." (Tr. 1229.)

Finally, Dr. Frissell completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) on July 16, 2015. (Tr. 1478-81.) In the July 2015 statement, Dr. Frissell opined that Valle could lift less than ten pounds occasionally, stand and/or walk less than 2 hours in an 8 hour work day, and must periodically alternate sitting and standing. (Tr. 1478-79.) He

estimated that Valle was limited in pushing and/or pulling in her lower extremities; therefore, she can occasionally climb, but never balance, kneel, crouch, crawl, or stoop. (Tr. 1479.) He also estimated that she was limited in manipulative functions and can only occasionally reach, handle, finger, or feel. (Tr. 1480.) Dr. Frissell also indicated that Valle was limited by temperature extremes, noise, dust, vibrations, humidity/wetness, hazards, fumes, odors, chemicals and gases, because she has neuropathy and respiratory and heart disease. (Tr. 1481.)

It appears that the ALJ gave no weight to any of Dr. Frissell's opinions. Valle only argues that Dr. Frissell's July 2015 opinion should be given controlling weight. Therefore, the Court will only address the ALJ's treatment of that opinion. The ALJ's discussion of Dr. Frissell's July 2015 opinion in comparison to the December 2012 opinion is as follows:

> Dr. Frissell's statements that the claimant's medical impairments would keep her from working are without explanation as to why she cannot sit more than 30 minutes, stand more than 20-30 minutes and lift more than 10 pounds. There is no evidence to suggest that the claimant can only occasionally lift and carry 10 pounds and only occasionally reach, handle, finger and feel when her medically diagnosed carpal tunnel syndrome is no more than mild and there is no clinical evidence of severe diabetic neuropathy. There is no evidence of the use of strong pain medications and treatment notes indicate Cymbalta has helped. Additionally, the limitations of lower extremity pushing and pulling or standing and walking less than two hours out of eight hours are inconsistent with the lack of any evidence of radiculopathy or severe peripheral neuropathy, and the claimant's testimony that she cares for her daughter and her household and even mows the lawn. These statements are not supported by Dr. Frissell's own treatment notes or any other evidence of record, and more importantly, Dr. Frissell is the claimant's primary care physician and is not a specialist.

(Tr. 19-20.) Valle contends that the ALJ should have given controlling weight to the July 2015 opinion, because objective evidence supports Dr. Frissell's opinion and it is consistent with the other objective evidence in the record as a whole. Valle directs the Court to the treatment records

7

from other providers that support the diagnoses and severe impairments found by the ALJ. The medical records cited by Valle confirm Valle's diagnoses and the fact that she was experiencing pain likely caused by the disc at L4-L5. The records also show that she had normal gait, normal range of motion, normal muscle strength, and mild to moderate tenderness upon examination at many of her visits.

Considering the factors used to evaluate medical opinions, Dr. Frissell was a treating physician who treated Valle for several years and was familiar with her health. Those factors provide support for giving weight to Dr. Frissell's opinion. The ALJ's findings regarding Dr. Frissell's opinion focused on the supportability of the opinion from his treatment records and other providers, consistency with the record as a whole, and the fact that he was not a specialist. The ALJ did not question Valle's diagnoses or that Valle is experiencing pain. "As is true in many disability cases, there is no doubt that the claimant is experiencing pain." *Perkins v. Astrue*, 648 F.3d 892, 901 (8th Cir. 2011). "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability." *Perkins*, 648 F.3d at 900. The issue is whether substantial evidence supports the ALJ's findings that Dr. Frissell's opinion about her limitations is entitled to no weight. The ALJ's analysis is supported by other medical evidence in the record, his treatment notes, and Valle's activities of daily living. The Court has carefully reviewed the record and finds that the ALJ's decision is supported by substantial evidence in the record as a whole.

**Inaccuracies in the Record**

Next, Valle asserts that the ALJ's hearing decision contained multiple inaccuracies, which should serve as a basis for remand.

First, the Court will address the matters identified by Valle that are not inaccuracies, but rather Valle does not agree with the ALJ's use of them in assessing her subjective complaints. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
>
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) Any precipitating or aggravating factors;
>
> (4) The dosage, effectiveness, and side effects of any medication; and
>
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988). "While the extent of daily living activities does not alone show an

ability to work, such activities may be considered along with other evidence when evaluating a claimant's credibility." *Walker v. Colvin*, 124 F.Supp. 3d 918, 936 (E.D. Mo. 2015).

In this case, the ALJ discounted Valle's subjective complaints for several reasons. Valle disputes the ALJ's consideration of the lack of radiculopathy symptoms, the type of narcotic medication, and no surgical intervention. The ALJ can consider all of these factors when making a credibility determination. *See e.g. See Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) (If an ALJ explicitly discredits a claimant's testimony and gives good reasons for doing so, deference is given to the ALJ's credibility determination); *Rosa v. Astrue*, 708 F.Supp.2d 941, 960 (E.D. Mo. 2010) (ALJ could consider no evidence of radiculopathy); *Pelkey v. Barnhart*, 433 F.3d 575, 579 (8th Cir. 2006) (ALJ could consider that doctor did not recommend surgery); *Moore v. Astrue,* 572 F.3d 520, 524-25 (8th Cir. 2009) (appropriate for ALJ to consider conservative or minimal treatment in assessing credibility). Valle also alleges that the ALJ found that she was not offered physical therapy. Valle directs the Court to evidence that her insurance company did not cover physical therapy and it had not helped her. The ALJ actually stated "[s]he has not had ongoing orthopedic treatment, has not had any ongoing treatment from any neurosurgeon, has not been offered and spinal surgery, and has not had physical therapy." (Tr. 21.) The ALJ's statement that she had not had physical therapy is true, but the ALJ did not discuss that her insurance did not cover physical therapy. Because the failure to have physical therapy was not the only factor the ALJ considered in discounting Valle's credibility, the failure to discuss the lack of insurance for physical therapy is not reversible error.

In addition, the ALJ noted that Valle left work due to gallbladder surgery and not because of any of the impairments she alleges affect her ability to work. The Court also notes that Valle testified that her job ended mainly because of the gall bladder surgery, but also because she was

making too much commission and they walked her out. (Tr. 69.) *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004) (ALJ can consider that claimant left work for reasons other than disability). The ALJ also noted that Valle had a very spotty work history with relatively low earnings. *Walker,* 124 F.Supp.3d at 936 (the ALJ was entitled to discredit plaintiff's credibility where he had a sporadic pre-alleged onset work record reflecting low earnings and multiple years with no reported earnings). Based on the foregoing, the ALJ's consideration of these factors does not serve as a basis for remand.

Next, the Court will address the actual factual errors in the ALJ's opinion. "While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency has no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (internal quotations omitted). "Remand is warranted where the ALJ's factual findings, considered in light of the record as a whole, are insufficient to permit this Court to conclude that substantial evidence supports the Commissioner's decision." *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017) (citing *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008)). The ALJ erroneously stated that Valle lacked positive straight leg raising tests. (Tr. 21.) The record indicates that Valle had negative and positive straight leg raising tests. (1061, 1065, 1078, 2220, 2346). The ALJ also erroneously stated that "imaging does not show four or five bulging discs as the claimant testified." (Tr. 16.) A July 30, 2015 MRI, that was cited by the ALJ, indicates five disc bulges described as minimal disc bulging at L1-L2, L2-L3, mild disc bulging at L3-L4, L4-L5, and a broad based disc protrusion at L5-S1. (Tr. 1837-38.) "The mere fact that some evidence may support a conclusion opposite to that reached by the Commissioner does not allow this Court to reverse the decision of the ALJ." *Vance*, 860 F.3d at

1120. The court finds that the ALJ's conclusions regarding Vance's subjective complaints were supported by substantial evidence despite the errors noted. Therefore, the Court will not remand based on the errors made in the ALJ's recitation of the medical record.

## Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only 'enough that a reasonable mind would find it adequate to support the decision,' and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-993 (8th Cir. 2014) (internal citations omitted). Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 17.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of August, 2019.